UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MEDCALF, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-01181-MTS |
| ) | |
| MICHAEL MANLEY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs Christopher Medcalf and Laquette Anderson Medcalf, acting *pro se*, filed this action in the Circuit Court of St. Louis County, Missouri against Michael Manley. Doc. [3]. Their Petition from Missouri court lists one name as Defendant: Michael Manley. *Id.* The action currently is before this Court because it was removed—but not by Michael Manley. Rather, FCA US LLC ("FCA US") removed the action, saying it was "improperly named as Dodge Headquarters/Michael Manley." Doc. [1].[1] FCA US then proceeds to state its purported grounds for removal. The Court notes several deficiencies. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

*First*, FCA US does not explain how it is able to remove this action. Section 1441(a) of Title 28 states that an action "may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). Its text "specifically limits the ability to remove to the 'defendant or the defendants,' and contains no language allowing mistakenly omitted parties, wrongly

---

[1] As far as the Court can see, "Dodge Headquarters" appears nowhere in Plaintiffs' Petition, certainly not on the line labeled "Defendant(s)."

excluded parties, or any other type of non-defendant to remove an action to federal court." *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022). FCA US's Notice of Removal does not explain what provided it with the power to remove this action.[2]

*Second*, even if FCA US could remove this action, it has not demonstrated diversity jurisdiction in this case under 28 U.S.C. § 1332(a). FCA US does not allege what Plaintiffs Christopher Medcalf and Laquette Anderson-Medcalf's citizenship even is. Rather, it alleges only that they "are Missouri residents." Doc. [1] ¶ 6. But for jurisdictional purposes, federal courts long have distinguished being a *citizen* of a state with being a *resident* of one. *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (noting that the term "citizen" in 28 U.S.C. § 1332 "has long meant something different from 'resident'"); *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) (explaining a court cannot determine that "diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state"); *see also, e.g.*, *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893) (reversing lower court's judgment for want of jurisdiction because, while plaintiff averred he was "a resident" of New York, "his citizenship [wa]s nowhere disclosed").

*Third*, "[f]or a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when

---

[2] Even *if* a misnamed defendant has the power to remove an action where the plaintiff identified the defendant by the wrong name, which FCA US has yet to show, FCA US has not at all explained why it concludes it is the Defendant here and that Plaintiff simply identified it under the wrong name. At times, it may be clear why a litigant concludes it is the right party identified under the wrong name, like "where the plaintiff has sued a corporation but misnamed it" or "sued a parent corporation instead of a subsidiary." *See Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000). Here, Plaintiffs named an individual as Defendant. In asserting it is the misnamed Defendant, FCA US may be "failing to consider the well-recognized distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name." *Id.* at 277.

the defendant files the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece*, 760 F.3d at 777; *see also Kinney v. Columbia Sav. & Loan Ass'n*, 191 U.S. 78, 81 (1903) ("It is also true that when a record presented to this court fails to show a diversity of citizenship, both when the suit was commenced and when the petition for removal was filed, a reversal has been ordered and the case sent back to the circuit court, with directions to remand to the state court."). FCA US's Notice of Removal fails to allege the citizenship of the parties at both of these times.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Tuesday, November 07, 2023**, FCA US LLC shall show cause why this action should not be remanded to the Circuit Court of St. Louis County.  *See* 28 U.S.C. § 1447(c).  Failure to do so timely will result in remand of this action without further notice.

Dated this 31st day of October 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE