UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MEDCALF, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:23-cv-01181-MTS |
| | ) |
| MICHAEL MANLEY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Plaintiffs Christopher Medcalf and Laquette Anderson Medcalf, acting *pro se*, filed this action in the Circuit Court of St. Louis County, Missouri against Michael Manley. Doc. [3]. Their Petition from Missouri court lists one individual as Defendant: Michael Manley. *Id.* The action currently is before this Court because it was removed—but not by Michael Manley. Rather, FCA US LLC ("FCA US") removed the action, saying it was "improperly named as Dodge Headquarters/Michael Manley." Doc. [1]. FCA US then proceeded to state its purported grounds for removal. Acting under the "independent obligation to determine whether subject-matter jurisdiction exists," see *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), the Court noted several deficiencies in the Notice of Removal and provided FCA US an opportunity to show cause why this action should not be remanded. Doc. [15] (2023 WL 7155591). Having reviewed FCA US's Response, Doc. [17], the Court will remand this action.

Despite being given the opportunity, FCA US still has not cited a provision of law that provided it the authority to remove this action even if it is a "proper party" like it argues. *See* Doc. [17] at 2. Section 1441(a) of Title 28 states that an action "may be removed by the

defendant or the defendants." 28 U.S.C. § 1441(a).  Its text "specifically limits the ability to remove to the 'defendant or the defendants,' and contains no language allowing mistakenly omitted parties, wrongly excluded parties, or any other type of non-defendant to remove an action to federal court." *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022); *see also Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) (per curiam) ("A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case.").  Because it cites no support that it is "the defendant" under § 1441(a), the Court will remand this action.*

Remand is warranted for an additional reason.  The Court's earlier Order also noted that FCA US failed to allege that the parties were "diverse both when the plaintiff[s] initiate[d] the action in state court and when [FCA US] file[d] the notice of removal in federal court."  *See Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *see also Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014).  This requirement is neither new nor trivial.  *See, e.g.*, *Kinney v. Columbia Sav. & Loan Ass'n*, 191 U.S. 78, 81 (1903) ("It is also true that when a record presented to this court fails to show a diversity of citizenship, both when the suit was commenced and when the

---

* To be sure, FCA US argues that though Plaintiffs named only Michael Manley in their Petition, their summons listed "Dodge Headquarters" as a "Defendant/Respondent."  *See* Doc. [11-1] at 2.  FCA US says that it manufactures and sells "Dodge-branded vehicles," Doc. [17] at 2, n.4, which indicates it was "the intended defendant in this action," *id.* at 2.  But FCA US still has not explained what provision of law would provide for it to take "unilateral action" based on "such misidentification."  *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 597 (5th Cir. 2020) (explaining that "misidentification would not justify . . . unilateral action" and noting removing litigant could have sought to "become a defendant through proper means").

- 3 -

petition for removal was filed, a reversal has been ordered and the case sent back to the circuit court, with directions to remand to the state court.").

In response to this issue, FCA US tells the Court that it "has no information or reason to infer that Plaintiffs' citizenship has changed since the filing of the Petition." Doc. [17] at 5.  FCA US presumes that Plaintiffs' citizenship is unchanged, and it thereby essentially asks the Court to presume it has jurisdiction.  But federal courts must "presume[ ] that a cause lies outside [their] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Neither FCA US nor the Court may simply presume that Plaintiffs were citizens of Missouri when FCA US filed its notice of removal simply because Plaintiffs were citizens of Missouri a few weeks before, when they filed the action in Missouri state court.  If such were the case, the requirement that the parties be diverse at the time of the filing of the notice of removal would be empty.

For these reasons, the Court will enter an Order of Remand with this Memorandum Opinion, which will remand this action to the Circuit Court of St. Louis County, Missouri.

Dated this 14th day of November 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE